**MODERN CONSTRUCTION, INC.,**
Petitioner,

v.

**BARCE, INC., Respondent.**

No. 3060.

Supreme Court of Alaska.

Nov. 22, 1976.

Donna C. Willard, Richmond, Willoughby & Willard, Anchorage, for petitioner.

David Wolf, Keane, Harper, Pearlman & Copeland, Anchorage, for respondent.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

RABINOWITZ, Justice.

■ The petition in the case at bar presents a question of contract interpretation which touches upon Alaska's strong public policy in favor of arbitration.[1] The respondent, Barce, Inc., brought an action in the superior court alleging that Modern Construction, Inc. had breached the subcontract into which they had entered. Modern submitted a demand for arbitration and moved to dismiss the action on the ground that the subcontract called for binding arbitration of all disputes. In opposing the motion, Barce maintained that the arbitration clause, found in paragraph 15 of the "General Conditions of the Subcontract," was not a part of the subcontract. This argument was based on two allegations; first, that the General Conditions were not attached to the subcontract at the time it was executed, and secondly, that the General Conditions were not made part of the contract because the parties had .not completed a blank in paragraph III of the subcontract. This paragraph contained in the subcontract read:

> The General Conditions, consisting of Paragraphs 1 through , attached hereto are a part of this Subcontract and by this reference are incorporated in this Subcontract and made a part hereof as fully as though set forth herein.

Modern disputed the allegation that the General Conditions were not attached at the time the contract was executed but admitted that paragraph III was incomplete. However, Modern contended that the failure to complete paragraph III of the subcontract was merely an inadvertent error and that, since the General Conditions were attached, the intention of the parties was clear.

The superior court determined that the blank in paragraph III of the subcontract created an ambiguity whether or not the General Conditions were attached to the subcontract at the time of execution. Thus, the superior court found it unnecessary to rule on the question of fact presented, through affidavits, regarding the physical attachment of the General Conditions to the subcontract. Having found an ambiguity in the Subcontract, the court construed the ambiguity against Modern, the party who drafted the provision.[2] We disagree with the superior court's determination that an ambiguity existed whether or not the General Conditions were attached, and thus remand the matter for a determination of this factual issue.

■ The mere fact that two parties disagree as to the interpretation of a contract term does not necessarily imply that an ambiguity exists in the contract. Rather, an ambiguity exists only when the contract, taken as a whole, is reasonably subject to differing interpretations.[3] If the General Conditions were attached to the

1. This public policy is demonstrated by the adoption of the Uniform Arbitration Act. AS 09.43.010 *et seq.*, and was recognized by ,this court in *University of Alaska v. Modern Construction, Inc.,* 522 P.2d 1132 (Alaska 1974).

2. In *University of Alaska v. Modern Construction, Inc.,* 522 P.2d 1132, 1138 (Alaska 1974) we stated:
   The rule in insurance contract cases is that, due to an inherent disparity in bargaining power between the insurer who drafts the contract and the insured, ambiguous coverage and exclusion clauses must be resolved in favor of coverage wherever possible. We recognize that arbitration clauses are not

necessarily imposed under adhesional circumstances. Nevertheless, we feel that the policy of our arbitration statute will be best advanced by a rule of construction similar to that employed to further public policy in insurance situations. (citations omitted)

3. *See United States v. Henry,* 427 P.2d 584 (Alaska 1967). *See also O'Meara v. American States Ins. Co.,* 148 Ind.App. 563, 268 N.E.2d 109, 111 (1971); *Williams v. Insurance Co. of North America,* 150 Mont. 292, 434 P.2d 395, 397 (1967); and *Miller Cattle Co. v. Francis,* 38 Ariz. 197, 298 P. 631, 632 (1931) (contract ambiguous when its meaning cannot be ascertained within the "four corners" of the document).

subcontract at the time the instrument was executed, paragraph III, previously quoted, is open to only one reasonable interpretation, namely, that the General Conditions, consisting of paragraphs 1 through 33, which were attached were incorporated into the agreement. Any other interpretation of paragraph III of the subcontract would run counter to the intent of the parties expressed by the reference to the attached General Conditions. In outlining the canons of construction used by the courts in contract interpretation, Professor Williston stated:

> The court will if possible give effect to all parts of the instrument and an interpretation which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable.[4]

The superior court's interpretation of paragraph III left the entire General Conditions, nine pages of the instrument, inexplicable. Thus we hold that, on remand, if the superior court determines, as a matter of fact, that the General Conditions were attached at the time the parties executed the subcontract, the motion to dismiss must be granted.[5]

However, if the superior court determines that the General Conditions referred to in paragraph III of the subcontract were not attached at the time of execution, the denial of the motion to dismiss should stand. For in that circumstance, we would be presented with a situation in which a reference was made to an item "attached hereto" which was not, in fact, attached and thus an ambiguity would exist. Further, in accordance with *University of Alaska v. Modern Construction Inc.*, 522 P.2d 1132 (Alaska 1974), such ambiguity should be resolved against Modern inasmuch as it supplied the form contract which resulted in the ambiguity.

The matter is remanded for further proceedings in accordance with this opinion.

---

4. S. Williston and W. Jaeger, Williston on Contracts § 619, at 731 (3d ed. 1961).

5. Courts will imply a contract term in order to conform an agreement to the manifest intent of the parties. *Golden Valley Elec. Ass'n, Inc. v. City Elec. Serv., Inc.*, 518 P.2d 65, 67 (Alaska 1974). Courts will also correct clerical mistakes in contracts. *See*

S. Williston and W. Jaeger, Williston on Contracts § 619, at 740 (3d ed. 1961); L. Simpson, Contracts § 102, at 211 (2d ed. 1965). The omission of an item through mere inadvertence has been held not to create an ambiguity. *E. g., Black v. Richfield Oil Corp.*, 41 F.Supp. 988, 994 (S.D.Cal.1941) (alternate holding).