INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, INDEPENDENT, LOCAL 959, State of Alaska, Appellant and Cross-Appellee,

v.

CITY OF FAIRBANKS, Appellee,

and

Construction and General Laborer's Local 942 and Fairbanks Joint Crafts Council, Appellees and Cross-Appellants.

Nos. 3110, 3183.

Supreme Court of Alaska.

Aug. 4, 1978.

---

Daniel T. Saluri, Johnson, Christenson, Shamberg & Glass, Inc., Fairbanks, for appellant and cross-appellee.

James M. Hackett, Fairbanks, for appellees Fairbanks Joint Crafts Council and Laborers Local 942, and James P. Doogan, Jr., Deputy City Atty., Fairbanks, for appellee City of Fairbanks.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

CONNOR, Justice.

It is claimed that this case arises out of a labor agreement entered into between the Fairbanks Joint Crafts Council on the one side and the City of Fairbanks on the other. As will be developed below, the case in actuality is a jurisdictional dispute between two labor unions. Both the Teamsters' Union and the Laborers' Union are members of the Fairbanks Joint Crafts Council, which was one of the parties to the labor contract.

After the contract was in operation, a dispute arose as to whether two "swampers" who worked on the City's garbage trucks should be supplied to the City by the Teamsters' Union or by the Laborers' Union. It was asserted by the Teamsters' Union that the Teamsters had traditionally supplied swampers, but that the City started hiring swampers from the Laborers' Union instead. The Teamsters sought to invoke against the City the grievance procedures set forth in the contract between the Fairbanks Joint Crafts Council and the City. The City took the position that the

grievance and compulsory arbitration provisions of the contract did not apply because this was a jurisdictional dispute which ought to be settled by the Fairbanks Joint Crafts Council under its bylaws. When the City refused to act in accordance with the grievance procedures to solve the dispute presented, the Teamsters filed a civil action in the superior court. In the complaint the Teamsters asserted:

In Count I, that the City should have employed Teamsters as swampers under the contract with the Fairbanks Joint Crafts Council, that it did not do so, and that it refused to follow the grievance procedures set forth in the contract in resolving the question.

In Count II, that the Fairbanks Joint Crafts Council considered the dispute, but that a quorum was not present at the time the council made its decision. Therefore, the decision of the Fairbanks Joint Crafts Council was not binding upon the Teamsters. It was further alleged that because the dispute was a grievance matter under the contract between the Teamsters (pre-sumably as one of the members of the Fairbanks Joint Crafts Council) and the City, the Fairbanks Joint Crafts Council had no jurisdiction over the matter.

In Count III, that the Laborers' Union provided swampers, that it attempted to persuade the City to breach its contract with the Fairbanks Joint Crafts Council, and that it thereby interfered with the contractual relationship between the City and the Fairbanks Joint Crafts Council.

The complaint had attached to it a copy of the bylaws of the Fairbanks Joint Crafts Council,[1] and a copy of the agreement between the City and the Fairbanks Joint Crafts Council.[2]

Together with the complaint, the Teamsters filed a motion for a preliminary injunction to prohibit the City from terminating members of the Teamsters' Union, to restrain the enforcement of the decision of the Fairbanks Joint Crafts Council, and to restrain the Laborers from supplying workers to perform the work of swampers.

---

1. The pertinent parts of the bylaws are:

" . . . A quorum for the transaction of business shall consist of a majority of the members of the Council, provided at least two of such majority are officers of the Council. . . Unless otherwise provided herein, a majority of those present and voting shall bind and commit the Council.

. . . All jurisdictional disputes shall be settled in accordance with International Agreements and decisions of record. In the event a dispute arises which cannot be settled by crafts involved, they shall request a decision from the J.C.C. Said decision shall be determined by a majority vote and shall be accepted as final and binding."

2. The pertinent parts of the agreement are:

"GRIEVANCE PROCEDURE

4.1 Any grievance which may arise between the Union or any of its members and the City with respect to wages, hours or other conditions of employment, or with respect to the interpretation or application of any of the terms of this Agreement shall be determined by the following procedure:

Step 1 – Employee to Shop Steward

Step 2 – Shop Steward to Supervisor

Step 3 – Shop Steward and Supervisor to Superintendent or Division Head (Whatever appropriate)

Step 4 – Shop Steward, Supervisor and Superintendent (or Division Head) to Department Head

Step 5 – Union Business Agent to City Manager

Any grievance not settled within the first (4) steps must be reduced to writing and filed by the Union and the City within fifteen (15) days after the grievance arises. Any grievance not so filed shall be deemed to have been waived and shall not be entitled to further consideration. Should the Union Business Agent and the City Manager fail to reach an agreement of a grievance within five (5) days, arbitration shall be resorted to as provided for herein, provided it is lawful. Unless mutually agreed, arbitration shall commence within thirty (30) days.

4.2 In the event the parties shall be unable to adjust any grievance or dispute arising under this Agreement as provided in Article 4, Section 1, such grievance or dispute shall be referred to an Arbitration Committee consisting of one (1) representative of the Union, one (1) representative of the

Two motions to dismiss were filed, one asserting lack of jurisdiction over the subject matter, the other asserting a failure to state a claim upon which relief could be granted. The superior court took testimony to aid it in resolving the motion. The witnesses heard were Tim Sanderson and Mickey J. Rutherford, business agents for the Teamsters. They described the background of the alleged grievance against the City and the steps which had been taken until the City took the position that the dispute was not a proper grievance matter. The court determined that the dispute was a jurisdictional question, and that it did not fall under the grievance and arbitration provisions of the collective bargaining agreement with the City. The court then granted the motions to dismiss as to the entire case.

On appeal the Teamsters assert that the superior court erred in limiting its presentation of evidence at the hearing, that the court erred in rendering its implied findings, and erred in entering the dismissal of the complaint.[3]

■ The court took oral testimony in considering the motion to dismiss. This is clearly permitted under the provisions of Civil Rule 43(e).[4] We will not, merely because testimony was taken, consider the motion to dismiss as having been converted into a summary judgment motion.[5] In that the testimony was that of plaintiff's witnesses, and insofar as that testimony merely verified what was set forth in the complaint, we think it could be considered by the court.

■ We hold that Counts I and III were properly dismissed. Under the pleadings and the exhibits attached to the pleadings these were matters for resolution between the two contending unions, via the procedures outlined in the bylaws of the Fairbanks Joint Crafts Council, not by the court.

Although the agreement with the City refers to the resolution of any grievance "with respect to wages, hours or other conditions of employment, or with respect to the interpretation or application of any of the terms" of the agreement, we are unable to read that language as requiring the City to be the arbiter of a jurisdictional dispute between two members of the Fairbanks Joint Crafts Council. Given the machinery provided by the Council's bylaws, it is patently unreasonable to demand that the City undertake to act as a referee for the contending unions. We are not cited to any legal authorities which hold that in circumstances such as these the employer must be forced to act on such a dispute as though it were a grievance against the employer. The Teamsters' remedy lies with the Fairbanks Joint Crafts Council, not the City.

Once it became apparent that Count I and Count III concerned a jurisdictional dispute, the trial court correctly ruled that

City, and a third member chosen by and mutually acceptable to these two (2) representatives. A decision of the Committee of Arbitration shall be final and binding on both parties hereto, provided it is lawful."

3. Appellants' brief states the issues as follows: "The court erred by limiting the presentation of evidence to be presented by the plaintiff to that which would go to the issue of whether or not the alleged grievance was a jurisdictional issue to be resolved by the Fairbanks Joint Crafts Council, by refusing to take evidence going to the proof of Count II of the complaint, and by dismissing the complaint with prejudice after so limiting the presentation of evidence."

4. Alaska Civil Rule 43(e) states:
 "*Evidence on Motions.* When a motion is based on facts not appearing of record, the court may hear the matter on affidavits or other documentary evidence presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

5. Normally this would be the effect of having heard testimony in connection with the motion, 5 Wright & Miller, Federal Practice and Procedure § 1366 (1969 & Supp.1978). In the case at bar, however, we find it more useful to treat the two motions as motions to dismiss, as the testimony added nothing that could not be gleaned from the pleadings alone.

 We do not find it necessary to the decision of this case to deal with the subtleties of Civil Rule 12(b), which provides that if, on a motion to dismiss for failure to state a claim, matters outside the pleading are considered by the court, the motion shall be treated as one for summary judgment under Civil Rule 56.

it had no jurisdiction over the subject matter of either of those counts. As to those counts we affirm the dismissal.

■ The issue raised in Count II, whether a quorum of the Fairbanks Joint Crafts Council had been present at the meeting of March 17, 1976, at which the dispute between the Teamsters' Union and the Laborers' Union was determined, raises a different question. The legality of the decision by the Fairbanks Joint Crafts Council would hinge upon whether in fact a quorum was present, and upon whether the Teamsters waived their right to insist upon a quorum. These are factual questions which cannot be determined on a motion to dismiss,[6] at least on the state of the record presented here. These questions should be further litigated in the superior court upon remand of this case.[7]

We hold that the court correctly dismissed Counts I and III of the complaint, but that the court erred in dismissing Count II. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.[8]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

6. *Butcher v. United Electric Coal Co.*, 174 F.2d 1003, 1006 (7th Cir. 1949).

7. It is regrettable that a dispute such as this must be litigated at all, thus consuming the resources of both trial and appellate courts, and requiring the extensive services of counsel at both levels of adjudication.

 If a quorum was not present at the March 17, 1976, meeting of the Fairbanks Joint Crafts Council, the Teamsters properly could have asked for a new determination by a quorum of the Council. The record does not reflect whether such a demand was made by the Teamsters. If further resort to the Council had been sought, this entire litigation might have been avoided.

8. In view of our disposition we need not address the questions of whether the superior court abused its discretion in awarding too small an amount to appellees as attorneys fees, and whether it erred in denying without explanation the motion for reconsideration of the award of attorneys fees.