**EARTHMOVERS OF FAIRBANKS, INC., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6202.**

Supreme Court of Alaska.

May 7, 1982.

Richard B. Brown, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellant.

Joe M. Huddleston, Kenneth P. Jacobus, James F. Klasen, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

OPINION

PER CURIAM.

The appellant has appealed from an adverse decision of the superior court which is

based on an order granting partial summary judgment to appellee. We affirm on the opinion of the superior court hereinafter set forth:

The underlying action is one for wrongful death. The decedent was struck by a vehicle on the Parks Highway in August of 1977 while the highway was under construction. Two of the named defendants are the State of Alaska and Earthmovers of Fairbanks, Inc. the prime contractor for the project.

This matter is before the court on cross motions for summary judgment. The question is one of contract interpretation. The court is asked to determine under the terms of the contract to what extent Earthmovers must indemnify the State.

The construction contract adopts by reference a number of documents. Among them are:

(1) Earthmover's bid proposal, and

(2) The Standard Specifications for Highway Construction.

Each of these documents contains an indemnity clause.

The indemnity clause in the bid proposal is substantively identical to language examined by the Supreme Court in *City and Borough of Juneau v. Alaska Electric Light and Power*, 622 P.2d 954 (Alaska 1981). In the bid proposal the contractor proposed to:

Indemnify and save harmless the State of Alaska from any damage or loss for which the State of Alaska may become liable by the default of said contractor, or by reason of any neglect or carelessness on the part of said contractor, his agents or employees or by or on account of any act of omission of said contractor, his servants, agents, or employees in performance of this contract.

In *Alaska Electric Light and Power*, the Supreme Court held that such language did not give rise to an obligation, on the part of a contractor, to indemnify the city for judgments rendered as the result of the city's negligence. The contractor's indemnity liability extended only to judgments rendered against the city for the contractor's own negligence. *Id.* at 956–57.

The exact language of the indemnity clause in the Standard Specifications for Highway Construction was upheld by the Supreme Court in *Burgess Construction Co. v. State*, 614 P.2d 1380 (Alaska 1980). That clause provides the contractor:

Shall indemnify and save harmless the department, its officers, and employees, from all suits, actions, or claims of any character brought because of any injuries or damage received or sustained by any person, persons or property on account of said contractor.

The court in *Burgess* determined that under this indemnity clause the contractor was required to indemnify the state even if the injury was the result of the State's own negligence. *Id.* at 1382.

The issue simply stated is whether these two indemnity provisions in the same contract create an ambiguity. It is the decision of this court that they do not.

To begin with, the interpretation of contract language is ordinarily held to be a matter for the court, while resolution of a dispute as to the surrounding circumstances is for the trier of facts. *Day v. A & G Construction Co., Inc.*, 528 P.2d 440, 443 (Alaska 1974). Here there is no basic dispute as to the surrounding circumstances. Thus it is appropriate to consider the matter as a question of law.

In *Modern Construction, Inc. v. Barce, Inc.*, 556 P.2d 528, 529 (Alaska 1976), the Supreme Court set the standard for determining contract ambiguities.

The mere fact the two parties disagree as to the interpretation of a contract term does not necessarily imply that an ambiguity exists in the contract. Rather, an ambiguity exists only when the contract, taken as a whole, is reasonably subject to differing interpretations.

Earthmovers argues that the two indemnity provisions are mutually exclusive, as the first clause limits their liability to their own negligence and the second clause extends their liability to include the State's negligence.

240

It is important to note, however, that there is nothing in the first indemnity provision precluding an extension of further liability in another paragraph. The clause does not recite that it is the *only* indemnity provision or that the contractor shall indemnify the State *solely* for the contractor's own negligence. Instead it simply states that the contractor will indemnify the State for his own negligent acts.

The second clause expands the contractor's duty by requiring the contractor to indemnify the State for the negligence of any party including the State. The second provision includes the liability defined in the first provision.

In *Modern Construction*, the Supreme Court cited with approval the rule of construction that "[t]he court will if possible give effect to all parts of the instrument and an interpretation which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable." 556 P.2d at 530.

It is true that the second indemnity provision renders the first somewhat superfluous. It does not, however, contradict or make it inexplicable.

This reasoning is consistent with the position taken by the Alaska Supreme Court in *McBain v. Pratt*, 514 P.2d 823, 828 (Alaska 1973). There the court stated:

> We are not inclined to approve an interpretation of a contract which creates conflict among its provisions. Wherever possible repugnant portions of a contract must be harmonized. An interpretation will not be given to one part of a contract which will annul another.

A finding by this court that the language of the first provision expresses the intention to limit the contractor's liability to its own negligence would ignore the requirements of *McBain.*

This court should not create a tension between the two provisions by finding them to be exclusive when a harmonious alternative is reasonably available. Therefore, after a review of the arguments of counsel

and having found no triable issue of fact, this court hereby enters the following order.

(1) The Earthmovers of Fairbanks, Inc.'s motion for summary judgment against the State of Alaska is denied.

(2) The State of Alaska's motion for partial summary judgment against Earthmovers of Fairbanks, Inc. is granted.

The judgment is AFFIRMED.