James DEVENEY, Petitioner,

v.

ALASKA TEAMSTER WELFARE TRUST, Respondent.

No. 5846.

Supreme Court of Alaska.

Oct. 22, 1982.

George E. Weiss, George E. Weiss & Associates, Anchorage, for petitioner.

Samuel R. Peterson, Jr., Anchorage, for respondent.

## OPINION

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

PER CURIAM.

James Deveney filed a complaint for divorce from his wife of 15 years on March 11, 1980. The complaint sought a division of property and other relief. In July, 1980, an amended complaint was filed, adding to the action a claim for declaratory relief against the Alaska Teamster Welfare Trust (Trust). The amended complaint alleged that Marilyn Deveney was incurring substantial medical expenses and would continue to do so for the foreseeable future. James Deveney alleged that pursuant to the provisions of a health and medical plan administered by the Trust, Marilyn Deveney would be entitled to continued benefits following her divorce from James Deveney. James Deveney sought a ruling from the superior court "declaring that coverage for indemnity for medical and related costs and expenses under the hospital, medical and health plan shall continue for Defendant, Marilyn Deveney, after the Divorce Decree is entered."

The Trust denied that Marilyn Deveney would be eligible for medical benefits following her divorce and it moved for summary judgment. It argued that under the terms of the plan, Marilyn Deveney would cease to be an eligible dependent as defined by the plan upon her divorce from James Deveney. In addition, the Trust argued that James Deveney had failed to exhaust his administrative remedies prior to bringing suit and that he was therefore not entitled to relief. The superior court granted the motion and James Deveney appealed to the supreme court on March 4, 1981 (No. 5846).[1]

James Deveney asserts that under the plan his wife will remain eligible for ex-

---

1. The order from which this appeal was taken in No. 5846 was not final, nor was it certified as final pursuant to Civil Rule 54(b). However, the trial judge has declined to adjudicate the remaining issues in this case pending a decision in No. 5846. In order to avoid further unnecessary delay we treat this purported appeal as a petition for review and hereby grant review.

tended medical benefits, relying on this provision in a summary of the plan:

> *Extension of Benefits.* Should you or your dependent be totally disabled when your coverage terminates under this plan, covered expenses will be payable up to the Plan's maximum amount during the continuance of total disability. . . .

The Trust argues that James Deveney's interpretation is foreclosed by other language in the plan summary:

> *Termination of Dependents Coverage.* The employee's coverage with respect to a dependent shall automatically terminate on . . . the date the covered dependent ceases to be eligible as a dependent as set forth under "Definition of Dependent".

> . . . . .

> *Definition of Dependent.* The term "dependent" means . . . (a) an employee's spouse . . . .

James Deveney argues that the plan should be construed favorably to him and that so construed there is a material issue as to coverage. Deveney's construction reads "your coverage" in the phrase, "should you or your dependent be totally disabled when your coverage terminates," as if it were "your coverage or your coverage with respect to a dependent."

The Trust asserts that Deveney's construction is not reasonable in light of the plan summary as a whole, and thus summary judgment is appropriate. *See Modern*

Construction, Inc. v. Barce, Inc., 556 P.2d 528, 529 (Alaska 1976). The Trust says "when the booklet is read in its entirety, it is abundantly obvious that the words 'you' or 'your' mean the member." ·

In his opposition to the motion for summary judgment, Deveney objected to the use of the plan summary to establish the terms of the plan itself. While his argument on appeal is somewhat different, the basis of his objection remains the same: it was inappropriate to grant summary judgment on a claim for declaratory relief without the plan itself being presented to the court for consideration.

■ We agree. The moving party must attach copies of all papers referred to in any affidavit supporting the motion and facts referred to in affidavits must be admissible in evidence. *See* Civil Rule 56(e). The only "papers" referred to in the affidavits supporting the motion was the summary, not the plan itself; and similarly, the document submitted is not a "copy" of the summary, but an original of it, hence it is admissible in evidence, given a proper foundation. Nonetheless, proof of the contents of the plan summary is insufficient to establish the contents of the plan itself under Evidence Rule 1002.[2] Since the Trust's showing was insufficient as a matter of law to establish the terms of the plan as to coverage,[3] it was likewise insufficient to establish the terms regarding exhaustion of remedies.[4] We therefore REVERSE.

---

**2.** Evidence Rule 1002 states:

> To prove the content of a writing, recording, or photograph, the original writing, recording or photograph is required . . . .

This is the traditional "best evidence" rule. Under the rule the Trust could not prove the contents of the summary unless it produced the original of that document.

It is an entirely separate question whether the summary is admissible to prove the contents of the plan itself. Evidence Rule 1002 governs this situation as well. *See* Commentary at 286. Substantive contract principles, not briefed in this appeal, may also be applicable to bar consideration of the plan summary. *See* C. McCormick, Handbook of the Law of Evidence § 233, at 563 (2d ed.1972).

**3.** We note that the relevant inquiry, for purposes of determining if Deveney's construction is plausible, is not whether "you" or "your" means "the member," but whether "your coverage" includes "your coverage with respect to a dependent." In our view the plan summary is not "abundantly obvious" either one way or the other on that question.

**4.** It is clear that *if* the plan contains an administrative remedy, that remedy must be exhausted prior to bringing a civil action in federal court. *See, e.g., Taylor v. Bakery and Confectionery Union and Indus. Int'l Welfare Fund,* 455 F.Supp. 816 (E.D.N.C.1978). Similarly, Alaska law generally requires the exhaustion of administrative remedies where such remedies are contractually required. *See, e.g., Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and*

*Helpers of America, Independent Local 959 v. City of Fairbanks,* 582 P.2d 150 (Alaska 1978). What is unclear from the plan summary is whether there is *any* "administrative remedy" by which Deveney could obtain something equivalent to a declaratory judgment as to the meaning of the plan from the Trust. The only way in which the plan summary provides for final decisions by the Trustees is in the context of an application for benefits; until the divorce is final the question to which Deveney wanted an answer cannot be formally raised. We leave this issue for further consideration by the superior court in light of the wording of the plan itself.