**DUTY FREE SHOPPERS GROUP LIMITED, a/k/a Duty Free Shoppers Limited, a/k/a Duty Free Shoppers, N.V., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. S–2538.

Supreme Court of Alaska.

July 7, 1989.

Paul W. Waggoner, Law Offices of Paul Waggoner, Anchorage, for appellant.

William G. Mellow, Asst. Atty. Gen., Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

This appeal raises the question whether an indemnity provision in a state airport concession lease requires the lessee to indemnify the state for a settlement, costs, and attorney's fees resulting from an injury sustained by an employee of the lessee. The superior court ruled that the state was entitled to indemnity as a matter of law. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Duty Free Shoppers Group Limited leased retail, warehouse and office space to operate a duty-free store at the Anchorage International Airport. The lease contained the following indemnity provision:

> The use of the Airport and the Premises by Lessee, its agents, employees, and guests shall be at their own risk. Lessee agrees that it shall at all times with respect to the Premises granted herein use due care for public safety and shall indemnify and save harmless Lessor, its successors and assigns, tenants, lessees, and licensees against loss or damage to property of Lessor or to the property of others and from all claims, costs, and liabilities for injury to or death of persons or when such loss, damage, injury, or death arises or results from any acts or omissions of Lessee, its officers, agents, employees, contractors, and guests (including invitees and licensees) in connection with the use or occupancy of the Premises or any other portion of the Airport.

Chieko Webb, an employee of Duty Free Shoppers, was injured when she sat down in a broken chair in the Northwest Airlines departure lounge located adjacent to the premises leased by Duty Free Shoppers. She was on a coffee break when the accident occurred.

Webb sued the state and Northwest Airlines. Although the state tendered defense of the claim to Duty Free Shoppers, the tender was refused. The state eventually settled the case for $175,000.[1]

The state then sued Duty Free Shoppers to recover the settlement amount, the costs and attorney's fees incurred in the underlying lawsuit, and the costs and attorney's fees incurred in enforcing the indemnity provision. The parties filed cross-motions for summary judgment. The superior court entered summary judgment for the state on the ground that the state was entitled to indemnity as a matter of law. The court awarded the state the settlement amount and its full costs and attorney's fees incurred in both cases.

Duty Free Shoppers appeals. It argues that the state is not entitled to indemnity because (1) the state is not entitled to indemnity when it is negligent and Duty Free Shoppers is not, (2) Duty Free Shoppers reasonably expected that the state would seek indemnity from the tenant on whose premises the injury occurred, and (3) Webb was injured while she was on a coffee break.[2] Duty Free Shoppers also contends

---

**1.** Northwest Airlines also contributed $175,000, for a total settlement amount of $350,000.

**2.** Duty Free Shoppers did not argue that the state is precluded from recovery by the public duty exception to the enforceability of indemnity provisions. *See Rogers & Babler v. State,* 713 P.2d 795, 798–99 (Alaska 1986); *Burgess Constr.*

that the state was not entitled to collect full attorney's fees and costs. The state maintains that it is entitled to indemnity for all damages and costs incurred as a matter of law.

## II. STANDARD OF REVIEW

■ A summary judgment should be affirmed if the evidence presents no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985). All reasonable inferences of fact must be drawn against the moving party and in favor of the nonmoving party. *Id.*

■ When there is no dispute about the factual circumstances surrounding the contract, the interpretation of an indemnity provision presents a question of law. *C.J.M. Constr. v. Chandler Plumbing & Heating*, 708 P.2d 60, 64 (Alaska 1985). The contract should be construed to effectuate the objectively reasonable expectations of the parties.[3] *O'Neill Investigations v. Illinois Employers Ins.*, 636 P.2d 1170, 1177 (Alaska 1981); *Stordahl v. Government Employees Ins. Co.*, 564 P.2d 63, 65 (Alaska 1977). In ascertaining the parties' intent, the court will consider the language of the disputed provision, the language of other provisions, relevant extrinsic evidence, and case law interpreting similar provisions. 564 P.2d at 66.

## III. THE STATE IS ENTITLED TO INDEMNITY WHEN THE STATE IS NEGLIGENT AND DUTY FREE SHOPPERS IS NOT.

Duty Free Shoppers argues that the indemnity provision requires that it indemnify the state only for damages resulting from negligent acts or omissions of Duty Free Shoppers. The state contends that the indemnity provision requires indemnity regardless of the relative fault of the parties.

■ The court will enforce an indemnity clause as reasonably construed, even if the provision does not specify that the indemnitee is entitled to recover for liability resulting from its own negligence. *C.J.M. Constr.*, 708 P.2d at 62; *Burgess Constr. Co. v. State*, 614 P.2d 1380, 1381 (Alaska 1980); *Manson–Osberg Co. v. State*, 552 P.2d 654, 659 (Alaska 1976). If the reasonable construction dictates that the clause provides coverage for the indemnitee's own negligence, it is irrelevant whether or not the indemnitor was also negligent. 708 P.2d at 62; 614 P.2d at 1382.

Duty Free Shoppers argues that, because the indemnity provision imposes upon it a duty of reasonable care, the state is entitled to indemnity only upon proof that Duty Free Shoppers was negligent. Although we agree that this provision requires Duty Free Shoppers to use reasonable care on the leased premises, we are not persuaded that it limits the duty to indemnify to damages resulting from breach of that duty.

■ We believe that two parts of the indemnity provision dictate the conclusion that Duty Free Shoppers has a duty to indemnify the state when one of its employees is injured at the airport, regardless of whether the state, the employee, or Duty Free Shoppers was negligent. First, Duty Free Shoppers agreed that its employees would use the airport at their own risk. This sentence put Duty Free Shoppers on notice that the state would not be liable for injuries to Duty Free Shoppers' employees, even if the state was negligent. Second, Duty Free Shoppers agreed that it would indemnify the state for personal injuries arising from acts or omissions of its employees anywhere at the airport. There is no requirement that the employee's act or omission be *negligent. See Fairbanks N. Star Borough v. Roen Design Assocs.*, 727 P.2d 758, 760 (Alaska 1986). Thus, we conclude that the indemnity provision, rea-

*Co. v. State*, 614 P.2d 1380, 1381–83 (Alaska 1980).

3. In the insurance context, we have ruled that the insured has the burden of demonstrating through extrinsic evidence that its expectation of coverage was based on specific facts making the expectation reasonable. *O'Neill*, 636 P.2d at 1177.

sonably construed, requires Duty Free to indemnify the state for an injury to its employee even if the state was negligent and Duty Free was not.

## IV. THE STATE'S RIGHT TO INDEMNITY FROM DUTY FREE SHOPPERS IS NOT DEFEATED BY ITS PURPORTED RIGHT TO INDEMNITY FROM NORTHWEST AIRLINES.

Duty Free Shoppers argues that, even if the indemnity provision technically requires it to indemnify the state for damages incurred on account of Webb's injury, Duty Free Shoppers reasonably expected that the state would seek indemnity from Northwest Airlines because the injury occurred on premises Northwest leased from the state. The state contends that it is entitled to indemnity from Duty Free Shoppers whether or not it is also entitled to indemnity from Northwest.

Duty Free Shoppers reasons as follows: The indemnity provision is one of the "general terms and conditions" of the lease. "General terms and conditions" means those provisions which appear in every airport premises lease. Therefore, Duty Free reasonably expected the identical indemnity provision to appear in the Northwest Airlines lease. Because the accident occurred on premises leased to Northwest Airlines, the state should look to Northwest for indemnity.

We perceive three fatal flaws in this argument. First, absent any representation by the state that all its airport leases contain the same indemnity provision, it is not reasonable to assume that every lease contains the same general terms and conditions. Common sense dictates that the pro-

visions in different leases will vary depending on the relative bargaining power of the parties, as well as developments in the law of indemnity. Second, even if it were reasonable to assume that all *retail concessions* would be subject to the same general terms and conditions, there is no basis to assume that they would be incorporated into an *airline* lease.[4]

Finally, even if Duty Free reasonably expected that every lease would contain this provision, that would not affect Duty Free's indemnity obligation. The fact that an indemnity plaintiff is entitled to indemnity from a third party is simply not a defense to an indemnity claim. *Cf. Alyeska Pipeline Serv. Co. v. H.C. Price Co.,* 694 P.2d 782, 787–88 (Alaska 1985) (insured indemnitee entitled to enforce indemnity provision). When a settling defendant is entitled to indemnity from two or more entities, it may enforce its rights against any one of them. However, the state is not entitled to a double recovery from both Northwest and Duty Free Shoppers.

We conclude that the state was entitled to summary judgment on this issue because Duty Free failed to introduce any evidence to support its asserted expectation that it would have no duty to indemnify the state for an injury to a Duty Free employee on premises leased to another tenant.[5]

## V. THE STATE IS ENTITLED TO RECOVER FULL ATTORNEY'S FEES AND COSTS.

Duty Free Shoppers argues that the state is not entitled to recover its costs and attorney's fees because article XXIV of the contract only permits recovery of attor-

---

4. In fact, the Northwest Airlines lease contains a very different indemnity provision. Notably, it does not require Northwest to indemnify the state for injuries resulting from the state's negligence. Thus, to the extent, if any, that Webb's injury resulted from the state's negligent breach of a duty to Webb, the state is not entitled to indemnity from Northwest anyway.

5. Duty Free Shoppers argues that because the indemnity provision applies only when an injury occurs "in connection with *the* use or occupancy of ... any other portion of the airport,"

Duty Free is absolved from liability to the state because Webb was on a coffee break and was not using the Northwest Airlines lounge to further the interests of Duty Free Shoppers.

This argument borders on the frivolous. Although Webb was on a break, she was at the airport and in the Northwest lounge because she was an employee of Duty Free Shoppers. Webb was not present at the airport for her own purposes—she was at work for Duty Free when she was injured. Therefore, her injury was within the scope of the indemnity provision.

ney's fees when the state is not at fault. The state argues that the right to attorney's fees granted in the indemnity provision is not limited by article XXIV.

When an indemnity clause includes a "hold harmless" provision, the indemnitee is entitled to recover attorney's fees and costs incurred in defending the underlying claim, *Rogers & Babler*, 713 P.2d at 800, as well as those incurred in enforcing the indemnity provision, *Manson–Osberg Co. v. State*, 552 P.2d 654, 660 (Alaska 1976). Because the indemnity provision requires Duty Free Shoppers to "indemnify and save harmless" the state, the state is entitled to recover full costs and attorney's fees incurred in both suits unless another contract provision limits or qualifies this right.

Article XXIV of the contract also addresses the state's right to collect attorney's fees from Duty Free Shoppers.[6] Under article XXIV, Duty Free Shoppers must pay all costs and reasonable attorney's fees incurred by or imposed on the state in connection with any litigation where (1) the state is made a party to a suit commenced by or against Duty Free Shoppers, (2) which arises out of the use of the leased premises, and (3) the state is not at fault. In addition, Duty Free agreed to pay all costs and reasonable attorney's fees incurred by the state in enforcing the covenants and conditions of the lease.

Duty Free Shoppers argues that the specific language in article XXIV controls over the "save harmless" agreement in the indemnity clause; therefore, the state is not entitled to recover attorney's fees unless it proves that it was not negligent. In *Earthmovers, Inc. v. State*, 644 P.2d 238, 240 (Alaska 1982), we examined a contract containing two indemnity provisions. One provision required a contractor to indemnify the state for liability resulting from the contractor's negligence; the other required

indemnity for liability arising from the state's negligence as well. *Id.* at 239. We held that the contractor had a duty to indemnify the state for the state's negligence because the narrower indemnity provision did not prohibit an extension of the duty to indemnify in another part of the contract. *Id.* at 240.

With respect to the defense costs incurred in the personal injury case, article XXIV arguably contains a more narrow duty to pay costs and attorney's fees than the indemnity provision itself. However, article XXIV does not technically apply to those costs because the state was not made a party to a suit by or against Duty Free Shoppers. Moreover, article XXIV does not recite that it is the only indemnity provision or that the duty set forth therein may not be broadened in another part of the contract. The decision in *Earthmovers* indicates that the broader provision will control absent some limiting language. Therefore, the superior court did not err in awarding the state full reasonable attorney's fees and costs incurred in the personal injury lawsuit.

With respect to the costs incurred in the indemnity case, the article XXIV requirement that Duty Free pay all reasonable costs and attorney's fees incurred by the state in enforcing the lease covenants imposes on Duty Free the same duty to pay costs and attorney's fees as the "save harmless" language in the indemnity clause. Therefore, the superior court did not err in awarding full costs and fees incurred in the instant case.

The judgment of the superior court is AFFIRMED.

---

**6.** Article XXIV of the lease provides in part:
> If and in the event Lessor shall, without any fault, be made a party to any litigation commenced by or against Lessee arising out of Lessee's use and occupancy of the Premises or attributable to any structure placed thereupon or therein by Lessee …, then Lessee shall and will pay all costs and reasonable attorney's fees incurred by or imposed upon Lessor in connection with such litigation, and Lessee shall also pay all costs and reasonable attorney's fees which may be incurred or paid by Lessor in enforcing the covenants and agreements of this contract....