PEARSON, Judge.
This is a divorce case in which each party has appealed from a final decree which awarded a divorce to the plaintiff-husband, denied the wife’s counterclaim for alimony unconnected with divorce and awarded the wife lump sum alimony and attorney’s fees. The husband, as appellant, appeals from the final decree, urging: (1) The court erred in making an award of alimony to the wife. (2) The amount allowed to the defendant-wife’s attorney was so excessive as to amount to an abuse of discretion. The wife under cross assignments of error urges: (1) Uncontroverted testimony established that the offenses for which the divorce was granted had been condoned. (2) The decree was erroneously granted upon insufficient proof that defendant was guilty of extreme cruelty. (3) The court erred in failing to grant the wife’s counterclaim for alimony unconnected with divorce. (4) The allowance of lump sum alimony to the defendant-wife was so inadequate as to be an abuse of judicial discretion.
It will be more expedient to first consider the cross assignments of error inasmuch as they compel a reversal of the final decree of divorce. It appears, from the testimony of both the plaintiff and the defendant, that the parties were cohabiting at the time of filing of the husband’s complaint for divorce. The record is devoid of a suggestion that any of the acts of extreme cruelty caused an interruption in the marital relationship between the parties. Under such circumstances, and because there is no evidence that the presumed condonation of the various acts alleged was not in fact a true condonation, or that the acts were revived, it is necessary to reverse this decree upon the authority of the law as stated in Masilotti v. Masilotti, 150 Fla. 86, 7 So.2d 132.
The wife’s counterclaim was entitled “for suit money and alimony unconnected with divorce”. In her brief the counterclaimant suggests that she was entitled to relief under Fla.Stat. § 65.09, F.S. A., Alimony Unconnected With Divorce, and Fla.Stat. § 65.10, F.S.A., Alimony Unconnected With Causes Of Divorce. The brief fails to demonstrate that the counter-claimant comes within the purview of either of these statutes upon the facts brought out *419 before the chancellor. We have examined the record, nevertheless, and find that the wife, as counterclaimant, did not establish the existence of a ground for divorce which is necessary for relief under § 65.09, and we also find from our examination of the record that it was not established that the husband is failing to contribute to the maintenance of the wife, an essential element which is necessary for relief under § 65.10.
In view of these holdings upon the wife’s first and third points, as set forth above, it is unnecessary to consider the sufficiency of the evidence to establish the ground of divorce upon which the decree was awarded to the husband, and it is unnecessary to consider the amount allowed as lump sum alimony.
The husband’s assignments, directed to the amount allowed defendant-wife’s attorney, deserve comment in view of the husband’s contention that such allowance is so large it amounts to an abuse of discretion and should be reversed. The record contains testimony of experts which supports the amount awarded. In view of this fact and the fact that there is no testimony in the record upon which to predicate a contrary finding, we are not inclined, under the circumstances, to substitute our evaluation of the work involved for that of the chancellor. See Folmar v. Davis, Fla.App.1959, 108 So.2d 772.
For the reasons set forth, that portion of the decree granting a decree of divorce to the husband and that portion of the decree granting alimony to the appellee-wife are reversed and the decree is affirmed in all other particulars.
Affirmed in part and reversed in part, and remanded with directions to enter an amended decree in accordance with this opinion.
HORTON, C. J., and MILLEDGE, STANLEY, Associate Judge, concur.