251 So.2d 354 (1971)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Josephine CHASTAIN, Individually and As Administratrix of the Estate of William Wilbur Chastain, Deceased, Appellee.
No. 70-921.
District Court of Appeal of Florida, Third District.
June 29, 1971.
Rehearing Denied September 2, 1971.
*355 Weissenborn, Burr & Hyman, Miami, for appellant.
Fink & Syna, Miami, Judith A. Brechner and George Schwartz, Miami Beach, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
The appellee and her husband were riding in an automobile belonging to a third party, insured by Allstate. This automobile was involved in an accident with an automobile operated by an insured driver but owned by an uninsured motorist. Thereafter the appellee's husband died. The appellee then instituted, on behalf of herself and her deceased husband, a tort action against the owner [who was uninsured] and against the operator [who was insured] of the other vehicle in the accident. During the pendency of this cause the carrier for the operator settled. The appellee recovered a judgment of $70,000.00 against the owner of the other vehicle [less the settlement of $19,500.00 agreed to between the appellee and the carrier representing the operator]. Subsequent to the rendition of the judgment, the appellee instituted the instant action against Allstate, the insurer of the vehicle in which she was riding but which was not owned by either her or her husband, contending she had a right to recover under the uninsured motorists feature thereof, which reads as follows:
"Coverage G  Uninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purpose of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."
* * * * *
"`uninsured automobile' includes a trailer of any type and means:
"(a) an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or * * *"
* * * * *
In this second proceeding, the trial court ultimately entered a judgment in favor of the appellee-insured against her insurance carrier [the appellant] in the face amount of the policy, to wit: $20,000.00; awarded *356 her interest from the date liability was determined and attorney's fees. This appeal ensued, the appellant contending that the trial court erred, first, in holding it liable under the terms of its policy and, second, that if it was liable that it was entitled to a set-off of the $19,500.00 settlement pursuant to § 768.041(2), Fla. Stat., F.S.A. The appellee has cross-appealed, urging error in the award of interest, denial of costs of an expert witness as to attorney's fees, and that the trial judge awarded insufficient attorney's fees. We affirm.
The uninsured provisions providing motorists coverage, as quoted above, were ambiguous. The appellant contends that they should be read as follows:
"* * * that since the driver of the vehicle had liability insurance coverage in an amount required under Florida law, that there was liability insurance applicable at the time of the accident even though the Plaintiff alleges that the owner of the vehicle was not insured. * * *" [emphasis supplied]
and the appellee contends that they should be read as follows:
"* * * If there is any person legally responsible for the use (e.g. the owner) who does not have a policy, then the vehicle is uninsured; * * *"
It is apparent that the coverage provision is ambiguous and, therefore, the company having prepared the policy the ambiguity should be resolved against the carrier and in favor of coverage. Hartnett v. Southern Insurance Company, Fla. 1965, 181 So.2d 524; Financial Fire & Casualty Company v. Callaham, Fla.App. 1967, 199 So.2d 529; Quick v. National Indemnity Company, Fla.App. 1970, 231 So.2d 22. The appellant places great stress on a recent opinion of the First District Court of Appeal [Gordon v. Phoenix Insurance Company, Fla.App. 1970, 242 So.2d 485], contending it should be controlling in the instant case. We do not think that this opinion is controlling for several reasons, among which is that a satisfaction was given to the operator in the Gordon case which would enure to the benefit of the owner, who would only be vicariously liable. Leo Jay Rosen Associates, Inc. v. Schultz, Fla.App. 1963, 148 So.2d 293; Weaver v. Stone, Fla.App. 1968, 212 So.2d 80; Movielab, Inc. v. Davis, Fla.App. 1969, 217 So.2d 890. Second, the case relied on by the court in its opinion, United States Fidelity & Guaranty Company v. Byrum, 206 Va. 815, 146 S.E.2d 246, arose in a state where an automobile is not considered a dangerous instrument and, therefore, there was no vicarious liability on the owner for the acts of the operator. Cohen v. Meador, 119 Va. 429, 89 S.E. 876. Neither is the case of Macaluso v. Watson, La. App. 1966, 188 So.2d 178 [cited in Gordon v. Phoenix Insurance Company, supra] applicable because the facts of the Louisiana case clearly indicate that there was no liability on the owner. Florida has long held that an owner of an automobile is vicariously liable for the actions of an operator under the dangerous instrumentality doctrine. Southern Cotton Oil Company v. Anderson, 80 Fla. 441, 86 So. 629; Hertz Corporation v. Hellens, Fla.App. 1962, 140 So.2d 73; Gerardi v. Carlisle, Fla.App. 1969, 232 So.2d 36.
Turning to the cross-appeal, the appellee contends that the interest should have been computed from the date of the accident or at least from the date of the final judgment in the personal injury suit. We reject this contention. Ordinarily, unliquidated damages are not recoverable until determined [Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24; Southeast Title and Insurance Company v. Austin, Fla. 1967, 202 So.2d 179; 9 Fla.Jur., Damages, § 86], which rules out the computation of interest from the date of the accident. Secondly, Allstate should not be required to pay interest from the date of the judgment in the prior action, because it was not a party thereto and, therefore, had no right to contest their liability at that time.
*357 As to the expert witness fee, it has been held that a fee will not be allowed for an expert witness who testifies as an expert relating to the value of attorney's fees in a given cause. Robert & Company Associates v. Zabawczuk, Fla. 1967, 200 So.2d 802; Lee Engineering & Construction Company v. Fellows, Fla. 1968, 209 So.2d 454. Although the fee appears to be minimum and might not have been awarded in such an amount if originally fixed in this court, the fee is within the range of the evidence and the discretion of the trial judge in considering the matter and, therefore, we will not disturb it. Raynes v. Raynes, Fla.App. 1961, 128 So.2d 417; Levenson v. Motor Union (Aviation) Orion Insurance Co., Ltd., Fla.App. 1965, 176 So.2d 125; Williams v. Williams, Fla.App. 1965, 177 So.2d 865.
On the cross-appeal, the appellee strenuously contends that because the attorney's fees she was obligated to pay were the subject of a contingent fee agreement that the trial court should have taken this into consideration in fixing a fee which would be recovered under § 627.0127, Fla. Stat., F.S.A., upon recovering a final judgment against the carrier. We specifically reject this contention. The obligation of the trial court is to fix a reasonable fee and this fee should not be based on any contingent fee agreement between the claimant and her attorney. Travelers Insurance Company v. Davis, 5th Cir.1969, 411 F.2d 244. cf Ronlee, Inc. v. P.M. Walker Co., Inc., Fla.App. 1961, 129 So.2d 175. To do otherwise would be to permit the parties, by their private agreement, to deprive the trial court of its discretion. And, furthermore, this would also burden the carrier with an obligation in which it had no opportunity to participate in the making of the original agreement.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.
PEARSON, Chief Judge (concurring in part and dissenting in part).
It seems to me a contradiction of terms to hold that an automobile operated by an insured driver is an uninsured automobile. I would follow Gordon v. Phoenix Insurance Company, Fla.App. 1970, 242 So.2d 485 and reverse the judgment.
The majority would escape this result by finding the insurance policy ambiguous. The trial court does not mention such possibility. I concede that an ambiguity is where the court finds one, and that they often do, I do not think the one here discovered is a sufficient basis for a holding that an automobile driven by an insured driver is an uninsured automobile. I would hold that F.S. § 627.0851, F.S.A., is remedial legislation to provide a recovery for persons injured by the "owner or operator of uninsured motor vehicles." I would not hold that it provides for a double recovery once from the owner and once from the driver.
Having passed this point I concur in that portion of the majority opinion which deals with the interest recoverable.