PER CURIAM.
These appeals are from a final judgment and a subsequent order relating to attorney fees. The appellant Sylvia Abraham Plever filed a complaint in the circuit court of Dade County, under the Bastardy statute, Chapter 742, Fla.Stat., F.S.A., alleging that while she was an unmarried woman she had conceived and given birth to a certain child of which it was alleged the defendant Dana S. Bray was the father. She sought a judgment so determining the parenthood, and requiring the defendant to pay periodic support for the child. The defendant filed an answer in which he did not deny his alleged parenthood of the child.
With regard to the amounts of child support, to be required of a man found to be the father of such a bastard child, the statute (§ 742.041 Fla.Stat., F.S.A.) provides :
“The court shall order the defendant to pay monthly for care and support of such child the following amounts:
“From date of birth to 6th birthday— $40 per month
“From 6th birthday to 12th birthday— $60 per month
“From 12th birthday to 15th birthday— $90 per month
“From 15th birthday to 18th birthday— $110 per month
“Such amounts may be increased or reduced by the judge in his discretion depending upon the circumstances and ability of the defendant.”
There was no contest over the matter of parenthood, but extensive discovery and related proceedings were indulged in by the plaintiff in seeking to obtain child support in excess of the statutory schedule therefor, through showing wealth of the defendant, predicated upon the provision of § 742.041 permitting the court to reduce or increase the stipulated amounts for child support “depending upon the circumstances and ability of the defendant.”
As recited in the judgment, the defendant filed in evidence a financial statement reflecting ownership of assets in excess of $6,000,000. There was evidence that the defendant had previously given the plaintiff substantial amounts of money which on several occasions had amounted to as much as $3,000 a month. Also, there was evidence that the plaintiff had been capable of profitable employment sufficient to support herself and two children by a previous marriage.
In the indicated final judgment in favor of the plaintiff, the court ordered the defendant to pay support in the amount of $100 per week, plus medical and dental expenses, for support of the child. The matter of attorney fees was reserved for further ruling. Later an order was entered allowing $11,000 fees to the plaintiff’s lawyers and $500 in fees to some attorneys who testified for the plaintiff regarding reasonable attorneys’ fees. The trial court denied an application of the plaintiff for an additional fee which was sought for a California attorney with whom the plaintiff had consulted prior to the action and who came here for certain of the proceedings, but whose services the trial court found were unnecessary.
The defendant appealed from the final judgment and from the order on attorney fees, contending the amount ordered to be paid for child support and the award of attorney fees were excessive. The plaintiff, by appeal and by cross-assignments to the defendant’s appeals contended the amount allowed for child support was inadequate, and that the court erred by not allowing an additional fee to the California attorney.
In view of the admission of the defendant of ownership of assets in excess *56 of six million dollars it would appear that the need for extensive litigation on that subject was questionable. However, for the work they did the attorneys were entitled to compensation on a quantum meruit basis, for the reasonable value thereof. In this case, which was uncontested except as to amount of child support, the size of the attorney’s fee allowed invited the argument that it was excessive, but we do not find that the fee was in such an amount as to shock the conscience of the court or to constitute an abuse of discretion. The ruling of the trial court denying an additional attorney fee for the California lawyer was correct, on the ground assigned by the court and on the further ground that an amount which represents a reasonable attorney’s fee to be paid in such a case should not be increased because a party chooses to use more than one attorney or firm of attorneys.
The amount allowed for child support, while substantially in excess of the schedule of amounts listed in the statute, was considered by the trial court to be reasonable in view of the “circumstances and ability of the defendant.” No sufficient ground or reason to disturb the ruling has been shown.
We find merit in the contention of the appellant-defendant that the trial court erred in allowing $500 attorney fees to the attorneys who testified on behalf of the plaintiff with relation to the value of the services of her counsel in the case. See Allstate Insurance Company v. Chastain, Fla.App.1971, 251 So.2d 354, 357, and cases cited there. That ruling of the trial court is reversed, and otherwise the judgment and order appealed from are affirmed.
Affirmed in part and reversed in part.