404 So.2d 138 (1981)
Lee A. MILLS, Appellant,
v.
Alfred ARONOVITZ and Bernard B. Weksler, D/B/a Aronovitz and Weksler, Appellees.
No. 80-1190.
District Court of Appeal of Florida, Third District.
September 8, 1981.
Rehearing Denied October 16, 1981.
*139 Mills, Hodin & London and Minervino Rodriguez, Jr., Miami, for appellant.
Aronovitz & Weksler and Bernard B. Weksler, Miami, for appellees.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Aronovitz and Weksler brought suit against Mills alleging that they rendered legal services to Mills for which he agreed to pay, but did not. After a non-jury trial, the lower court entered judgment for the plaintiff-lawyers in the amount of $17,500 plus certain costs. Finding the amount of attorneys' fees, which Mills asserts is excessive, to be fully justified by the evidence, and finding the costs, which Mills asserts were unnecessary, to be proper, Fatolitis v. Fatolitis, 271 So.2d 227 (Fla.2d DCA 1973), we affirm this judgment.
We turn now to Aronovitz and Weksler's cross-appeal from the trial court's refusal to tax as costs expert witness fees for two attorneys who testified on behalf of the plaintiffs to the reasonable value of the legal services rendered by Aronovitz and Weksler to Mills. We reverse this ruling of the trial court, holding that Aronovitz and Weksler, as the prevailing plaintiffs, were entitled to recover, as costs, reasonable expert witness fees[1] for the attorneys who testified to the worth of the services rendered by the plaintiffs.
In our view, this result is dictated by Section 90.231(1), Florida Statutes (1977). This statute defines the expert witness entitled to fees to be taxed as costs as a witness who, inter alia, "offers himself in the trial of any civil action."[2] Clearly, the testimony of the expert witnesses in the present case was offered in the trial of this civil action for attorneys' fees, and it is for that precise reason that the plaintiffs were entitled to have the fees of these experts taxed as costs. Of course, a civil action for attorneys' fees is not the only action in which one may recover as costs expert witness fees for testifying attorneys. In any case where the expert attorney-witness is called upon to testify in respect to a matter at issue in the case, as, for example, where the attorney-expert is needed to testify on the issue of whether the insurer was prejudiced by the failure of the insured to give it prompt notice of the accident, see Tiedtke v. Fidelity & Casualty Company of New York, 222 So.2d 206 (Fla. 1969), the fees expended are recoverable costs. But where, as in Plever v. Bray, 266 So.2d 54 (Fla.3d DCA 1972), the attorneys' fees sought are incident to an underlying suit to establish paternity, or as in Allstate Insurance Company v. Chastain, 251 So.2d 354 (Fla.3d DCA 1971), incident to a judgment under an uninsured motorist provision of an insurance policy, and the testimony of attorney-experts is offered not as part of the trial, but in proceedings collateral to trial, the statute does not authorize expert witness *140 fees to be taxed as costs. Cf. Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968) and Robert & Company Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967) [holding under the analogous workers' compensation statute, Section 440.31, Florida Statutes (1967), which authorizes fees to "any expert witness ... who shall have testified in any proceeding under this chapter," that the recovery of expert witness fees is restricted "to proceedings for compensation to claimant rather than proceedings, essentially collateral, for determination of the amount of attorneys' fees ...," 200 So.2d at 804 (emphasis supplied)].
Our holding is perfectly compatible with Lee Engineering, Robert & Company Associates, Plever and Chastain, which hold that where the expert attorney-witness is called upon to prove the value of an attorney's services in a proceeding collateral to the trial itself, expert attorney-witness fees are not recoverable costs. We pause to emphasize the continued vitality of the latter line of cases because of our concern that the costs of litigation are fast becoming, if they are not already, prohibitive. Were the attorney's fee issue an adjunct to the suit proper, and were the statute therefore not controlling, we would be quick to affirm the trial court on the authority of Plever and Chastain, and the analogous holdings of Lee Engineering and Robert & Company Associates. While admittedly we, the courts, have imposed the requirement of expert testimony as a predicate to the collateral award of attorneys' fees, see, e.g., Lyle v. Lyle, 167 So.2d 256 (Fla.2d DCA 1964), we did so to protect litigants, not to add to the burgeoning costs of litigation[3]:
"There is but little analogy between the elements that control the determination of a lawyer's fee and those which determine the compensation of skilled craftsmen in other fields. Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation."
Baruch v. Giblin, 122 Fla. 59, 63, 164 So. 831, 833 (1936). Therefore, we hold that Section 90.231, Florida Statutes (1977), authorizes expert witness fees to be taxed as costs only where the expert witness is called upon to prove any matter at issue in trial.
The ruling of the trial court refusing to tax as costs the witness fees for attorneys who testified as experts on the value of the plaintiffs' services is reversed and the cause remanded for proceedings consistent with our opinion.
Affirmed in part; reversed in part, and remanded.
BASKIN, Judge (specially concurring).
While I concur in the result expressed in the majority opinion, I cannot accept its arbitrary limitation of the award of expert witness fees to attorneys who testify in trial concerning the value of legal services performed by other attorneys. Section 90.231(2), Florida Statutes (1977) allows fees to expert witnesses who testify "in any cause." To hold that an attorney is an expert witness whose fees a party may recover only when the attorney testifies during trial, but not when his testimony is elicited during a post-trial hearing, is to engage in an unrealistic and naive exercise. Attorneys are not precluded from charging *141 fees, but the successful litigant is unable to recover the cost of providing the court with required expert testimony.
If, as the majority opinion states, it is attempting to reduce legal costs, it does so at the expense of litigants. The majority opinion does not reduce the cost; it merely shifts the burden and creates an additional obstacle to the public's access to its courts.
Except for workers' compensation cases, Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968) and Robert & Company Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967), section 90.231 does not exclude attorneys from its provisions. In Tiedtke v. Fidelity & Casualty Company of New York, 222 So.2d 206 (Fla. 1969), a case arising from an insurance claim, the supreme court stated:
We see no reason why an attorney who is brought into a case to testify as to matters of professional expertise should be deprived of a fee commensurate with fees given to other expert witnesses, when he is questioned, not only as a participant in a prior proceeding, but also as an expert to whom hypothetical questions are directed. A review of the record demonstrates that both petitioners' and respondent's attorneys recognized these witnesses as expert and questioned them accordingly. Therefore, we think the trial court erred in not granting the fees requested as costs to be assessed against the respondent.
222 So.2d at 210. I would therefore adopt Judge Hendry's dissent in Plever v. Bray, 266 So.2d 54 (Fla.3d DCA 1972) and recede from those opinions which conflict with the principles iterated in Tiedtke.
NOTES
[1] The plaintiffs sought $250.00 as an expert witness fee for each of their attorney-experts. The reasonableness of this amount was not at issue below and is not at issue here.
[2] Section 90.231 in its entirety provides:

"Expert witnesses; fee. 
"(1) The term `expert witness' as used herein shall apply to any witness who offers himself in the trial of any civil action as an expert witness or who is subpoenaed to testify in such capacity before a state attorney in the investigation of a criminal matter, or before a grand jury, and who is permitted by the court to qualify and testify as such, upon any matter pending before any court.
"(2) Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs."
Section 90.231 has been transferred, without change, to Section 92.231. Ch. 76-237, § 3, Laws of Fla.
[3] The author of the special concurring opinion asserts that our limitation on taxing costs for expert witness attorneys is "unrealistic and naive," since it does not reduce the expense of litigation, but will merely impose upon the successful litigant the burden of this expense. Apparently, the author's worldliness does not embrace the long standing and notorious practice of attorneys testifying as experts for one another without charge, a practice that presently results in no expense to the successful litigant, but a practice that most assuredly would come to a screeching halt were we to hold that the losing party had to pay.