422 So.2d 1098 (1982)
Thomas W. MURPHY, Appellant,
v.
Kathleen Marie TALLARDY, Appellee.
No. 82-68.
District Court of Appeal of Florida, Fourth District.
December 8, 1982.
Stanley J. Narkier of Bernstein, Narkier, Sharff, Monchick & Karp, West Palm Beach, for appellant.
Lawrence C. Griffin of Cromwell & Remsen, Riviera Beach, for appellee.
DOWNEY, Judge.
Appellant, Thomas W. Murphy, seeks review of an order awarding attorney's fees and costs incurred in a post dissolution proceeding involving custody.
Appellant and appellee were divorced in 1975 in Pennsylvania. Since the custody of *1099 their children was not resolved in the divorce case, the matter of custody was litigated in Palm Beach in 1981. An order was entered April 8, 1981, awarding custody to appellee and adjudicating her entitlement to attorney's fees and suit money; the amount of the fees and suit money was to be determined at a later date. In due course, the trial court determined the amount of appellee's attorney's fees and as part of the suit money it awarded appellee an expert witness fee for a lawyer who testified as to the value of said attorney's fees. The only point that warrants discussion is the allowance of an expert witness fee for the lawyer who testified concerning the value of attorney's fees for appellee's counsel.
The authority for allowing expert witness fees is contained in Section 92.231, Florida Statutes (1981), which provides:
92.231 Expert witnesses; fee. 
(1) The term "expert witness" as used herein shall apply to any witness who offers himself in the trial of any civil action as an expert witness or who is subpoenaed to testify in such capacity before a state attorney in the investigation of a criminal matter, or before a grand jury, and who is permitted by the court to qualify and testify as such, upon any matter pending before any court.
(2) Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs.
It thus appears that when a person is called to testify in "any cause," if he is presented and accepted by the court as an expert, the party calling the witness is entitled to have an expert witness fee taxed if costs are awarded to that party.
However, courts have modified the statute by judicial fiat in some cases to allow expert witness fees only when the expert testifies to the main as opposed to collateral issues in the case. An example of this dichotomy is well illustrated in the recent decision of the Third District Court of Appeal in Mills v. Aronovitz, 404 So.2d 138 (Fla. 3rd DCA 1981). In that case, Aronovitz and Weksler sued Mills for attorneys' fees for services which they rendered for him. Several lawyers were called by plaintiffs to prove up the value of their services. It was held therein that the lawyer-witnesses were entitled to be paid expert witness fees because the witnesses testified to the value of the services that were the main issue in the case. Another case allowing expert witness fees for lawyers is Tiedtke v. Fidelity & Casualty Company of New York, 222 So.2d 206 (Fla. 1969). There, the lawyers testified regarding the main issues involved, i.e., whether the insurance company was prejudiced by the failure of the insured to give it prompt notice of the accident.
Although dictum in the case, Mills opines that expert witness fees for lawyers who testify in a case are confined to those experts who testify to the main issues in the case (as in Mills and Tiedtke); that experts called to testify to the value of attorneys' services in suits for divorce or suits on insurance contracts are experts on collateral issues and not entitled to expert witness fees taxable as costs pursuant to Section 92.231. We do not mean to denegrate that opinion by referring to a portion thereof as dictum because there is precedential support for such a holding. However, we believe close scrutiny will demonstrate that both the precedents and the Mills dictum should not be followed.
The seminal case in Florida, which is cited in most of the cases dealing with this question, is Robert & Company Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967), a workers' compensation case that held that Section 440.31, Florida Statutes (1967) was not intended to allow expert witness fees for lawyers who testify in compensation cases relative to a claimant's attorney's fees. It should be noted that the essential provisions of Sections 440.31 and 92.231 are quite similar. Nevertheless, the Supreme Court was interpreting a workers compensation statute when it said:
It is our view, in accord with that of the commission, that the statutory provision, *1100 F.S.A. § 440.31, for the award of expert fees authorizes only the payment of fees to experts testifying in the case with reference to direct benefits of the claimant, and that the statute was never intended to cover the award of fees to witnesses appearing in behalf of attorneys who claim counsel fees payable under our act. While the point is novel, the provision for payment to witnesses testifying "in any proceeding under this chapter" is most reasonably construed, in view of the history of the statute, to proceedings for compensation to claimant rather than proceedings, essentially collateral, for determination of the amount of attorney's fees. (Emphasis added.) 200 So.2d 802 at 803-804.
It is thus apparent that the foregoing construction was arrived at "in view of the history of the statute." That history is graphically described in the later case of Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968), wherein the Supreme Court said:
The Workmen's Compensation Act was originally passed as administrative legislation to be simple, expeditious, and inexpensive so that the injured employee, his family, or society generally, would be relieved of the economic stress resulting from work-connected injuries, and place the burden on the industry which caused the injury. J.J. Murphy & Son, Inc. v. Gibbs (1962), Fla., 137 So.2d 553; Port Everglades Terminal Co. v. Canty (1960), Fla., 120 So.2d 596. It was contemplated that relief would be immediately forthcoming as a substitute for the wages of the working man and that little, if any, delay or long deliberation would ensue. The Act "was pitched on the theory that the claimant could litigate his own cause" ... . 209 So.2d 454 at 456.
In view of that history, we suggest the narrow construction placed upon the Compensation Statute to effectuate the purpose of that Act does not logically nor reasonably require such a construction of Section 92.231.
Several years later in Allstate Insurance Company v. Chastain, 251 So.2d 354 (Fla. 3rd DCA 1971), the Third District Court of Appeal affirmed the denial of an expert witness fee for the successful plaintiff's lawyer-witness who testified regarding the value of plaintiff's lawyer's services. The cited authority for that holding was Robert & Company Associates v. Zabazwczuk, supra, the workers compensation case.
Following Chastain, the Third District Court of Appeal decided Plever v. Bray, 266 So.2d 54 (Fla. 3rd DCA 1972), a bastardy case in which the District Court held the trial court erred in taxing expert witness fees for two lawyers who testified to the value of plaintiff's attorney's fees. Once again as authority the court relied upon Zabazwczuk.
The latest word on the subject is Mills, supra, which relies directly upon Plever and Chastain as authority for the narrow construction of the expert witness statute involved in those cases and indirectly upon Robert & Company and Lee Engineering.
We believe the cases following Robert & Company, which rely thereon for such a narrow construction of the expert witness statute, should not be followed. The ratio decidendi in Robert & Company and Lee Engineering does not exist in the later cases. We concede that an argument is made in Mills for not allowing expert witness fees to lawyers who testify to the value of a litigant's attorney's fees for the reason that it will increase the cost of litigation when the courts should be striving to minimize such costs. While we agree with those sentiments, we would suggest that eliminating expert witness fees entirely would most certainly accomplish that end to an even greater degree. But, of course, that is not a practical solution. However, neither is it practical nor justified to single out lawyers as experts who should not be paid for their expert testimony. It does not suffice, we believe, to say that the issues that they testify in support of are collateral or minor and not the real heart of the case. The statutory authority for taxation of such fees says nothing about allowing expert witness fees if the expert is called to support main issues as opposed to collateral issues; it simply provides for compensation *1101 for experts called to prove up the various aspects of the case. To suggest that expert testimony on attorney's fees in a divorce case is some minor insignificant aspect of the case is hardly in tune with reality. Often the attorney's fees allowable are a substantial feature in the overall equitable distribution of the marital estate.
Accordingly, we affirm the trial judge's taxation of an expert witness fee for the lawyer who testified as to the reasonable value of appellee's attorney's fees.
In view of our high regard for the opinions of our brethren on the Third District Court of Appeal and the obvious concern with which they treated the subject in Mills, and because we perceive the question to be one of great public importance, we certify the following question to the Supreme Court of Florida:
Is a trial court authorized under Section 92.231, Florida Statutes (1981) to tax costs or allow as suit money an expert witness fee for a lawyer who testifies as an expert regarding the value of a reasonable attorney's fee for counsel for one of the parties?
LETTS, C.J., and GLICKSTEIN, J., concur.