447 So.2d 940 (1984)
Jose R. TRAVIESO, Jr., Appellant,
v.
Linda Lee TRAVIESO, Appellee.
Nos. 83-373, 83-663.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Rehearing Denied April 17, 1984.
*941 Elizabeth S. Baker, Coconut Grove, for appellant.
Melvyn B. Frumkes and Cynthia L. Greene, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
We affirm the post-dissolution order of the trial court which granted the former wife's petition for modification of child support, denied the former husband's petition for modification of custody and denied the former wife's request for suit money to pay expert witnesses who testified as to the reasonable value of her lawyer's services. We reverse in part the award of attorney's fees in the amount of $27,000 to the former wife and remand this action to the trial court with instructions to enter an order reducing the award of attorney's fees to Mrs. Travieso to the amount of $9,000.
*942 A final judgment of dissolution of marriage which awarded custody of the parties' infant daughter to Linda Lee Travieso and required Jose Travieso to pay $25 per week child support was entered in 1978. In 1981, because of the substantially increased needs of their daughter, Mrs. Travieso petitioned the trial court for modification of child support. Three months later Mr. Travieso petitioned the court for modification of custody. The cases were consolidated and heard by a general master who, after a three-day hearing, found that the needs of the minor child had dramatically increased, that these expenses could not have been taken into consideration at the time of the final judgment and that Mr. Travieso's income was such that he was able to pay the increased amount of $95 per week child support. The general master also found that Mrs. Travieso had completely refuted her former husband's allegations that she was unfit to keep custody of their daughter.
As in many domestic cases the litigation of these issues was heated and, at times, vitriolic. The trial court denied Mr. Travieso's exceptions to the general master's reports and awarded Mrs. Travieso approximately $27,000 in attorney's fees and suit money. On the authority of Mills v. Aronovitz, 404 So.2d 138 (Fla. 3d DCA 1981), the court denied Mrs. Travieso's request for additional suit money to pay for services of expert witnesses who testified as to the reasonable value of the services performed by Mrs. Travieso's lawyers. Mrs. Travieso has cross-appealed the denial of expert witness fees. Mr. Travieso asserts as error the modification of child support, the denial of modification of custody, and the award of attorney's fees. There was substantial competent evidence of the increased needs of the child presented to support the order granting modification of child support. See Flynn v. Flynn, 433 So.2d 1037 (Fla. 4th DCA 1983); Frumkes v. Frumkes, 349 So.2d 823 (Fla. 3d DCA 1977). We find no merit to Mr. Travieso's contention that the trial court should have granted his petition for modification of custody.
There is merit, however, to Mr. Travieso's contention that the trial court erred in awarding attorney's fees. The award of attorney's fees authorized by section 61.16, Florida Statutes (1981), is a matter of discretion "to be exercised in consideration of the disparate economic needs and abilities existing between the parties," Desilets v. Desilets, 377 So.2d 761, 765 (Fla. 2d DCA 1979); see Kissinger v. Mason, 436 So.2d 1049 (Fla. 1st DCA 1983). The question of fees in the final analysis can only be resolved with reference to a particular case. Lodding v. Dunn, 251 So.2d 560 (Fla. 3d DCA 1971), cert. denied mem., 258 So.2d 818 (Fla. 1972). The award of attorney's fees depends not upon who prevails but rather upon the relative financial resources of the parties. Kissinger; Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982).
Applying these principles of law to the instant case it is clear that Mr. Travieso does not possess the financial resources to pay the amount awarded in attorney's fees. Considering the increased award of child support ordered by the trial court Mr. Travieso's net income, as reflected by his financial statement, is approximately $17,000 per year. Mrs. Travieso's net income, also considering the increase in child support, is approximately $15,000 per year. As in Hiler v. Hiler, 442 So.2d 373 (Fla. 2d DCA 1983), this certainly is not a case where the parties have achieved a lucrative income and numerous assets over the duration of a long marriage.
Accordingly, we hold that based upon the relative financial resources of the parties the award of $27,000 in attorney's fees to Mrs. Travieso was an abuse of discretion and direct the trial court to enter an order awarding her $9,000 in attorney's fees.[1] Although the reasonableness of attorney's *943 fees is an issue of fact to be determined by the trial court, Conner v. Conner, 439 So.2d 887 (Fla. 1983), we find that the trial court abused its discretion in ordering a man with a net income of $17,000 per year to pay $27,000 in attorney's fees.
The trial court also erred in alternatively awarding attorney's fees pursuant to section 57.105, Florida Statutes (1981). Mr. Travieso's petition for modification was not so clearly devoid of merit as to be completely untenable. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982).
As to Mrs. Travieso's cross-appeal, we affirm the trial court's denial of her request for expert witness fees. The holding in Mills that expert witness fees may be taxed as costs only where the expert witness is called upon to prove any matter at issue in trial applies to dissolution and post-dissolution modification cases pursuant to chapter 61, Florida Statutes (1981). The existence of conflict with Mills was implicit in Murphy v. Tallardy, 422 So.2d 1098 (Fla. 4th DCA 1982). We now explicitly recognize conflict between our present holding and that of the court in Murphy.
Turning to the amount of attorney's fees, we find that the record in this case does not support an award of $27,000. Attorney's fees should be awarded based upon the quality of services rendered and not necessarily the quantity of such services. Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977); Hall v. Hall, 200 So.2d 544 (Fla. 3d DCA 1967).
It is apodictic that "[t]he amount of the award [of attorney's fees] should square with fairness and justice to all alike under similar circumstances." Lumbermens Mutual Casualty Co. v. Quintana, 366 So.2d 529, 530 (Fla. 3d DCA 1979); see Donner v. Donner, 281 So.2d 399 (Fla. 3d DCA 1973) (award of attorney's fees should be made only for services that are shown to have been reasonably necessary).
Considering the factors provided in Florida Code of Professional Responsibility Disciplinary Rule 2-106, we are left with a definite and firm conviction that the fee is in excess of a reasonable fee.[2] This was hardly a case involving novel, complex or extraordinary legal issues requiring specialized legal knowledge or experience. See The Florida Bar v. Moriber, 314 So.2d 145 (Fla. 1975). Mrs. Travieso sought to modify the amount of child support because of the increased needs of the parties' adolescent daughter, who was an infant at the time of the final judgment of dissolution. The issues involved in the child support modification case were whether the child's needs had increased and whether Mr. Travieso had the financial ability to meet any increased needs. See Frumkes. The sole issue involved in the modification of custody case as framed by Mr. Travieso in his petition was whether Mrs. Travieso was a "fit and proper person to have custody of the minor child."
We are not insensitive to the fact that dissolution-related cases are often more *944 emotionally charged than the usual case, see Guthrie v. Guthrie, 357 So.2d 247 (Fla. 4th DCA 1978); however, the amount of fees awarded in this case, as in Guthrie, simply cannot be justified. The propagation of exorbitant legal fees such as those in the instant case does a disservice to the litigants sub judice and to the entire legal profession. As Justice Terrell said in Baruch v. Giblin, 122 Fla. 59, 63, 164 So. 831, 833 (1935),
Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] Mrs. Travieso discharged her first lawyer midway through this litigation. The trial court is to determine on remand the apportionment of the $9,000 award of attorney's fees between the discharged lawyer and subsequent counsel.
[2] The factors to be considered as guides in determining the reasonableness of attorney's fees under DR 2-106 are:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
The trial court's denial of modification of custody and granting of and increase in child support which amounted to $3,640 per year simply does not justify an award of $27,000 in attorney's fees.