474 So.2d 1184 (1985)
Linda Lee TRAVIESO, Petitioner,
v.
Jose R. TRAVIESO, Jr., Respondent.
No. 65316.
Supreme Court of Florida.
August 22, 1985.
Cynthia L. Greene of Law Offices of Frumkes and Greene, Miami, for petitioner.
Elizabeth S. Baker, South Miami, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Third District, in Travieso v. Travieso, 447 So.2d 940 (Fla. 3d DCA 1984), because it expressly and directly conflicts with Murphy v. Tallardy, 422 So.2d 1098 (Fla. 4th DCA 1982).
We accepted jurisdiction to resolve the conflict on the issue of whether an expert witness fee may be properly taxed as costs *1185 when an attorney testifies as an expert on the subject of the amount of attorney's fees. The facts of this post-dissolution proceedings case are well stated in the Third District's decision and do not need repetition here. Relying on its earlier decision in Mills v. Aronovitz, 404 So.2d 138 (Fla. 3d DCA 1981), review denied, 415 So.2d 1360 (Fla. 1982), the Third District, in the present case, affirmed the trial court's denial of petitioner's request for expert witness fees. The Fourth District in Murphy v. Tallardy held that, pursuant to section 92.231, Florida Statutes (1981), expert witness fees may be taxed as costs for a lawyer who testifies as an expert regarding the value of a reasonable attorney's fee for counsel for one of the parties. We agree with the holding of the Fourth District in Murphy v. Tallardy and disagree with the Third District's holding on this issue in the present case and in Mills v. Aronovitz.
Section 92.231, Florida Statutes (1983), provides:
(1) The term "expert witness" as used herein shall apply to any witness who offers himself in the trial of any civil action as an expert witness or who is subpoenaed to testify in such capacity before a state attorney in the investigation of a criminal matter, or before a grand jury, and who is permitted by the court to qualify and testify as such, upon any matter pending before any court.
(2) Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs.
The language of this statute is broad and clearly encompasses the type of expert fee sought in the present case. The Fourth District in Tallardy correctly interpreted this provision to mean that when a person is called to testify in any cause if such person is presented and accepted by the court as an expert, the party calling the witness may have an expert witness fee taxed if costs are awarded to that party.
The Fourth District acknowledged that some courts had modified this statute by judicial fiat to allow expert witness fees only when the expert testifies as to the main issues as opposed to collateral issues in a case. It gave as an example Mills v. Aronovitz upon which the Third District relies for its holding in the present case.
In Mills, expert witness fees were allowed to several lawyers who testified as experts on the value of the legal services rendered. That case, however, involved a suit by two attorneys against Mills alleging that they had rendered legal services for which he had agreed to pay but had not. Not material to its holding, and therefore dicta, the Third District in Mills opined that if the testimony of attorney-experts is offered not as part of the trial but in proceedings collateral to trial, section 90.231(1) (now section 92.231) does not authorize expert witness fees to be taxed as costs. As authority for this dicta, the Third District cited several cases including Robert & Co. Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967), which involve the interpretation of a portion of the workers' compensation statute which authorizes fees to expert witnesses. It also cited to its earlier decisions of Allstate Insurance Co. v. Chastain, 251 So.2d 354 (Fla. 3d DCA 1971), writ discharged, 263 So.2d 578 (Fla. 1972), and Plever v. Bray, 266 So.2d 54 (Fla. 3d DCA 1972), wherein it had relied upon Zabawczuk.
The Fourth District in Tallardy properly determined that the narrow construction of the provision of the workers' compensation statute by this Court in Zabawczuk to effectuate the purpose of that act as evidenced by its history does not logically nor reasonably require such a construction of section 92.231. Judge Downey, speaking for the court, accurately explained:
It should be noted that the essential provisions of Sections 440.31 and 92.231 are quite similar. Nevertheless, the Supreme Court was interpreting a workers compensation statute when it said:

*1186 It is our view, in accord with that of the commission, that the statutory provision, F.S.A. § 440.31, for the award of expert fees authorizes only the payment of fees to experts testifying in the case with reference to direct benefits of the claimant, and that the statute was never intended to cover the award of fees to witnesses appearing in behalf of attorneys who claim counsel fees payable under our act. While the point is novel, the provision for payment to witnesses testifying "in any proceeding under this chapter" is most reasonably construed, in view of the history of the statute, to proceedings for compensation to claimant rather than proceedings, essentially collateral, for determination of the amount of attorney's fees. (Emphasis added.) 200 So.2d 802 at 803-804.
It is thus apparent that the foregoing construction was arrived at "in view of the history of the statute." That history is graphically described in the later case of Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968), wherein the Supreme Court said:
The Workmen's Compensation Act was originally passed as administrative legislation to be simple, expeditious, and inexpensive so that the injured employee, his family, or society generally, would be relieved of the economic stress resulting from work-connected injuries, and place the burden on the industry which caused the injury. J.J. Murphy & Son, Inc. v. Gibbs (1962), Fla., 137 So.2d 553; Port Everglades Terminal Co. v. Canty (1960), Fla., 120 So.2d 596. It was contemplated that relief would be immediately forthcoming as a substitute for the wages of the working man and that little, if any, delay or long deliberation would ensue. The Act "was pitched on the theory that the claimant could litigate his own cause"... . 209 So.2d 454 at 456.
422 So.2d at 1099-1100.
We note that the Second District in B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983), disagreed with the Fourth District's ruling in Tallardy and affirmed the trial court's refusal to tax as costs the fees for attorney expert witnesses who testified at the hearing on attorney's fees. We disapprove this holding in Bignotti insofar as it conflicts with our present decision. We also disapprove the dicta in Mills which conflicts with our present holding.
We hold that pursuant to section 92.231, expert witness fees, at the discretion of the trial court, may be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees. We do not hold that such expert witness fees must be awarded in all cases. Generally, lawyers are willing to testify gratuitously for other lawyers on the issue of reasonable attorney's fees. This traditionally has been a matter of professional courtesy. An attorney is an officer of the court and should be willing to give the expert testimony necessary to ensure that the trial court has the requisite competent evidence to determine reasonable fees. Only in the exceptional case where the time required for preparation and testifying is burdensome, should the attorney expect compensation.
We find no merit to the other issues presented.
Accordingly, we quash only that part of the Third District's decision relating to its affirmance of the trial court's denial of petitioner's request for expert witness fees. The remainder of the district court's decision is approved. This cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS and McDONALD, JJ., concur.
EHRLICH, J., concurs in part and dissents in part with an opinion.
OVERTON, J., dissents with an opinion in which SHAW, J., concurs.
*1187 EHRLICH, Justice, concurring in part and dissenting in part.
I concur with the majority that section 92.231, Florida Statutes (1983) applies, and that an expert witness fee may be properly taxed as costs when an attorney testifies as an expert on the subject of the amount of attorney's fee, but I dissent from the holding that it is discretionary.
Section 92.231 provides that an expert witness who has testified in any cause "shall be allowed a witness fee." The majority makes the awarding of expert witness fees for a lawyer who testifies as an expert as to reasonable attorney's fees discretionary and holds that such may be taxed as costs. I cannot equate the statutory "shall" with the Court's "may." I see no reason, and I believe there is none, why there should be a distinction between a lawyer expert witness who testifies as to what is reasonable as an attorney's fee in a case where the recovery of an attorney's fee is provided by statute or contract, and any other expert witness who testifies as to any issue in a case. The statute makes no such distinction and I do not believe the Court should judicially legislate one.
My Brother Overton would have the Court apply the holding in Robert & Co. Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967) to this case. I disagree. I am of the opinion that the Court should recede from Zabawczuk. This Court placed an unwarranted narrow construction on a provision of the Workers' Compensation Act which is comparable to section 92.231, and held that the awarding of an attorney's fee to the claimant who prevailed on his claim was a collateral benefit, and that if an attorney testified as an expert on claimant's behalf as to a reasonable attorney's fee (and that is the only way such fee can be awarded because of judicial holdings, Lyle v. Lyle, 167 So.2d 256, 257 (Fla. 2nd DCA), cert. denied, 172 So.2d 601 (1964)), the deputy commissioner could not tax as costs an expert witness fee, thus, in effect, requiring the injured claimant to pay his own expert witness a fee if he sought to require the employer to pay his attorney's fee. If the benefits were direct, such as entitlement to compensation or remedial treatment, and an expert were used, then an expert witness fee could be taxed as costs. Either way, the claimant would be personally obligated to pay such expert witness, but if it were a direct benefit, the claimant could collect from the carrier, and if collateral, he could not. This distinction hardly comports with the philosophy of the Workers' Compensation Act which was designed to be self-executing, but if it became necessary for the claimant to employ an attorney to collect his statutory benefits, then he was to be made whole and the employer was obligated to pay his attorney a reasonable fee, and in order to collect that fee the employee had to have an expert testify as to a reasonable fee, but then the claimant could not tax as costs the expert witness fee, thus requiring him to incur out-of-pocket expenses to enforce his statutory rights. I do not believe the act was designed to bring about such a result.
It is rather clear that the majority of the Court expects lawyers who are called upon to testify as to a reasonable attorney's fee to testify without charge. I too feel that as officers of the Court lawyers have a strong obligation to the profession and to the judiciary as a courtesy to do the necessaries so that the trial court has the requisite competent evidence to determine reasonable fees where such are to be awarded by the court. While I am of the opinion that a lawyer so testifying is entitled absolutely under the statute to an expert witness fee, I would nonetheless hope that these professional courtesies that over the years lawyers traditionally extended to each other in this area do not go the way of the five cent cigar and the nickel Baby Ruth and Hershey bar.
OVERTON, Justice, dissenting.
Until the legislature directs otherwise, I would hold, consistent with this Court's prior holding in Robert & Company Associates v. Zabawczuk, 200 So.2d 802 (Fla. 1967), that courts may not tax as costs expert witness fees for attorneys testifying *1188 as to the reasonable value of services rendered when that issue is collateral to the issue at trial. In Zabawczuk, in interpreting a statute almost identical to the one applicable in the instant case, we held that the legislature did not intend for attorneys so testifying to receive an expert witness fee. We stated:
[T]he statutory provision, F.S.A. § 440.31, for the award of expert fees authorizes only the payment of fees to experts testifying in the case with reference to direct benefits to the claimant, and that the statute was never intended to cover the award of fees to witnesses appearing in behalf of attorneys who claim counsel fees payable under the act. While the point is novel, the provision for payment to witnesses testifying "in any proceeding under this chapter" is most reasonably construed, in view of the history of the statute, to proceedings for compensation to claimant rather than proceedings, essentially collateral, for determination of the amount of attorney's fees.
Id. at 803-04. The authority to award expert witness fees for attorneys should be uniform. I find that the distinction drawn by the majority between worker's compensation cases and this domestic relation case is unjustified.
Through the years, courts of this state have recognized that because "the self-serving nature of the testimony given by the attorney who performs the services precludes the court from making an award based solely on his testimony," Lyle v. Lyle, 167 So.2d 256, 257 (Fla. 2d DCA), cert. denied, 172 So.2d 601 (1964), expert testimony from an attorney is necessary to assure the trial court has competent evidence from which to determine a reasonable attorney's fee. See Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968); Maass v. Christensen, 447 So.2d 1044 (Fla. 4th DCA 1984); Quarngesser v. Quarngesser, 177 So.2d 875 (Fla. 3d DCA 1965). But see Prevatt v. Prevatt, 462 So.2d 604 (Fla. 2d DCA 1985). Prior to this decision, the courts and the legal profession considered the giving of expert testimony in attorney fee matters to be a professional obligation. In Baruch v. Giblin, 122 Fla. 59, 164 So. 831 (1935), this Court stressed the importance of awarding attorney fees that are fair and reasonable:
Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation.
Id. at 63, 164 So. at 833.
I find the majority's holding is not required by the statute. I would rather modify the principle of law established by the appellate courts that there must be expert testimony before a court may award attorney fees. The appellate courts of this state do not require that type of testimony to establish the value of other professionals' services that may be part of a court judgment. I believe we should fully examine the reasons for requiring expert testimony with respect to attorney fees and determine whether the interests of the public can be properly protected by leaving the need for expert testimony to the lawyers and the trial judge in the individual proceeding.
In the instant case, the trial judge initially set an attorney fee of $27,000, although the annual income of the husband directed to pay the fee was $17,000. That fee was reduced by the district court to $9,000. In addition to that amount, the husband will now apparently be directed to pay expert witness fees for the two attorneys who testified with respect to the appropriate attorney fee in this matter. I am concerned that this decision will provide substantial support to the argument that the adversary system is becoming too costly and inefficient to resolve domestic disputes. *1189 In my opinion, the legislature never intended the subject statute, section 92.231, Florida Statutes (1983), to be construed to allow attorneys to receive expert witness fees for testifying as to appropriate fees for fellow lawyers.
I would approve the decision of the district court in the instant case, finding it to be fully consistent with our decision in Zabawczuk, and disapprove the decision of the Fourth District Court of Appeal in Murphy v. Tallardy, 422 So.2d 1098 (Fla. 4th DCA 1982).
SHAW, J., concurs.