478 So.2d 472 (1985)
Edward STRAUS, As Personal Representative of the Estate of Elizabeth S. Adler, Deceased, and William S. Adler, Deceased; and Baxter and Rinard, P.A., Appellants,
v.
MORTON F. PLANT HOSPITAL FOUNDATION, INC., Ravenswood Hospital Medical Center, Appellees.
Nos. 84-2516, 84-2517.
District Court of Appeal of Florida, Second District.
November 13, 1985.
James A. Baxter of Baxter and Rinard, P.A., Clearwater, for appellants.
James A. Martin, Jr. of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellee Morton F. Plant Hosp. Foundation, Inc.
James W. Hagan of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Clearwater, for appellee Ravenswood Hosp. Medical Center.
CAMPBELL, Judge.
This is an appeal from the trial court's refusal to tax, as costs, fees for attorneys who testified as experts in the proceedings *473 below. Those proceedings were for the purpose of determining compensation for the personal representative and his attorneys. The trial court relied on this court's decision in B & L Motors, Inc. v. Bignotti, 427 So.2d 1070 (Fla. 2d DCA 1983), in denying the assessment of the expert attorney's fees as costs. The supreme court has subsequently decided Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985), in which it disapproved Bignotti.
We therefore reverse and remand this cause to the trial court for reconsideration in light of Travieso. In doing so, we consider it only fair that we inform the trial judge that we construe the Travieso holding[1] to make the award of such expert fees discretionary only where the testifying attorney expert does not expect to be compensated for that testimony.
GRIMES, A.C.J., and FRANK, J., concur.
NOTES
[1] "We hold that pursuant to section 92.231, expert witness fees, at the discretion of the trial court, may be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees. We do not hold that such expert witness fees must be awarded in all cases. Generally, lawyers are willing to testify gratuitously for other lawyers on the issue of reasonable attorney's fees. This traditionally has been a matter of professional courtesy. An attorney is an officer of the court and should be willing to give the expert testimony necessary to ensure that the trial court has the requisite competent evidence to determine reasonable fees. Only in the exceptional case where the time required for preparation and testifying is burdensome, should the attorney expect compensation." Travieso, 474 So.2d at 1186.