ON MOTION FOR REHEARING

PER CURIAM.
We grant the appellee’s, Trabin’s, motion for rehearing, withdraw our prior opinion, and substitute the following cor-' rected opinion.
Robert Gardner, appellant, appeals a final order determining that Trabin was not responsible for appellant’s expert witness fees. We reverse.
Appellant testified in an underlying lawsuit between Trabin and Jacquelyn Woodard (“Woodard”). Appellant received a subpoena from Trabin’s attorney, Eugene Ciotoli (“Ciotoli”), instructing him to appear. As instructed by the subpoena, appellant went to the courthouse. Appellant was called from the hallway to testify; however, he was called by Woodard’s attorney and not Ciotoli.
Following the trial, which resulted in a hung jury, appellant sent Ciotoli a bill for 27 hours, including his preparation, his travel time, and his time in court, at $400 per hour. Ciotoli refused to pay the fee, claiming he had not subpoenaed appellant and Woodard was responsible for the fee. Woodard’s attorney also declined responsibility because he did not subpoena the appellant.
Appellant filed a motion for his expert witness fee, contending that Ciotoli was responsible because he subpoenaed appellant and compelled his attendance. Although the trial judge concluded appellant was entitled to an expert witness fee, he declined to find Ciotoli was responsible for the fee when he did not call the appellant to testify, did not make arrangements in terms of what was expected of appellant, and appellant was called as a witness for the other side. As such, the trial court denied appellant’s request that Ciotoli pay his expert fee.
On appeal, appellant contends that he was subpoenaed, appeared, and testified as an expert, thereby entitling him to an expert witness fee. Further, appellant maintains that because Ciotoli subpoenaed him to appear, Trabin should be responsible for the expert witness fee. While we agree with appellant, as did the trial judge, that he should be entitled to an expert witness fee for his services, the issue here is which party, Trabin or Woodard, should be responsible for the fee.
In Murphy v. Tallardy, 422 So.2d 1098 (Fla. 4th DCA 1982), this court provided, “[i]t thus appears that when a person is called to testify in ‘any cause,’ if he is presented and accepted by the court as an expert, the party calling the witness is entitled to have an expert witness fee taxed if costs are awarded to that party.” Murphy, 422 So.2d at 1099. We disagree with Trabin’s contention that Murphy implies the party calling the witness, Woodard, is responsible for the fee. Murphy did not address the situation presented here, but rather the taxing of costs when a prevailing party calls an expert witness to testify.
More importantly, a similar situation was addressed in Keitel v. Keitel, 701 So.2d 413 (Fla. 4th DCA 1997), wherein the expert witnesses were appellee’s treating physicians whom appellee deposed, planning to use the depositions at trial. See id. However, the appellant subpoenaed both doctors and they appeared at trial. See id. This court determined that the appellant was legally, responsible for the expert witness fee, as appellant compelled the doctors to appear. See id. at 413-14.
*424 In the present case, appellant was subpoenaed by Trabin’s attorney. The subpoena instructed appellant to appear at the courthouse, and his failure to appear could subject him to contempt. As such, we conclude that Trabin should be responsible for appellant’s expert witness fee, as Tra-bin compelled appellant to appear in court. Accordingly, we reverse and remand for the trial court to determine a reasonable fee.
REVERSED AND REMANDED.
GUNTHER, FARMER and TAYLOR, JJ., concur.