ORDER

PER CURIAM.
These are consolidated appeals arising from the representation of Bennie Demps during the pendency of his final death warrant. The State appeals from orders awarding attorney’s fees to George F. Schaefer and Bill Salmon, as well as awards of fees to Stephen N. Bernstein, Salmon’s counsel in a hearing on the attorney’s fee dispute, and witnesses Robert A. Harper and William B. Sheppard, who testified as expert witnesses for Salmon. Salmon cross-appeals the attorney’s fee award, claiming that he was entitled to be compensated at a higher hourly rate under the circumstances of the case. The Court, having reviewed the briefs of the parties and amicus curiae, and entertained oral argument, orders as foEows.
In case no. SC01-1301, the order awarding attorney’s fees and costs to George F. Schaefer in the amount of $26,180.00 is reversed, and the case is remanded with directions to enter an order awarding fees and costs of $14,220.59, corresponding to the $100 hourly rate for fees specified in sections 27.703 and 27.711(4), Florida Statutes (1999). The portion of the order finding the statutory rate of compensation to be unconstitutional as applied to Schaefer is also reversed, pursuant to this Court’s application of the criteria in Makemson v. Martin County, 491 So.2d 1109 (Fla.1986). See also Olive v. Maas, 811 So.2d 644 (Fla.2002).
In ease no. SC02-302, the award of attorney’s fees and costs to Bill Salmon in the amount of $18,483.31 is affirmed, pursuant to sections 27.710(6) and 27.711(4), Florida Statutes (1999). The order is also affirmed as to Salmon’s cross-appeal of the *458 $100 per hour rate of compensation, pursuant to Makemson, Olive, and Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925 (Fla.2002).
We note that on appeal, the State does not contest the number of hours expended by both Schaefer and Salmon, and agrees with the payment of attorney’s fees as reduced to the hourly rate of $100 as long as we make clear the statutory authority for these amounts. Accordingly, we approve the award of fees both to Schaefer as registry counsel under section 27.710 and to Salmon as assistant counsel under section 27.711(4), and expressly recognize the unique circumstances of this case, in particular the Court’s orders of May 23, May 25, and May 27, 2000, requiring Salmon to remain as Demps’ counsel on appeal in order to prevent any unnecessary delay in the execution of the death warrant.
In case no. SC02-302, the award of attorney’s fees of $6,250.00 to Stephen N. Bernstein is reversed based on the lack of statutory authority for the award, and the award of expert witness fees of $2,700.77 to Robert A. Harper and $2,706.52 to William B. Sheppard is reversed pursuant to Travieso v. Travieso, 474 So.2d 1184 (Fla.1985).
The requests for appellate attorney’s fees for representation in the instant proceedings in this Court are denied.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.